

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John D. Reed, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-3562
Re: Is a corporation required to
give a discharged employee
a statement in writing of the
cause of his discharge?

We have received your letter of recent date requesting our opinion upon the above stated question. Your letter reads as follows:

"Reference is made to Article 5196, Revised Civil Statutes, Section 5, which provides, in part, that 'where any corporation, or receiver of the same, doing business in this State, or any agent or employe of such corporation or receiver, shall have discharged an employe and such employe demands a statement in writing of the cause of his discharge, and such corporation, receiver, agent or employe thereof fails to furnish a true statement of the same to such discharged employe, within ten days after such demand . . .'

"Where an employe has been discharged by a corporation, and said employe has demanded in writing in accordance with Article 5196, Revised Civil Statutes, Section 5, 'I hereby demand a statement in writing the cause of my discharge from the (name of Corporation).

"Where said Corporation answered the above with 'We have your letter of June 7, 1941, which was received in this office on June 16, 1941. The Application for Employment which you signed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John D. Reed, Page 2

at Big Spring on September 5, 1933, contains the
following statement: "Should I be given employ-
ment by you, either the position applied for, or
some other, now or hereafter, I hereby agree that
such employment may be terminated by you at any
time without liability to me for wages or salary
except such as may have been earned at the date of
such termination." We therefore were not required
to have any reason for your termination. Further,
we understand Texas Courts have declared a
statute such as that mentioned in your letter of
June 7th, unconstitutional. (Signed)Assistant
General Superintendent.'

"Your opinion will be appreciated on the
question -- is a Corporation required to give a
discharged employe a statement in writing the
cause of his discharge -- in order that we may
determine what procedure, if any, to take on
a matter that is now pending before this Depart-
ment."

Article 5196, Vernon's Civil Statutes, reads, in part,
as follows:

"Either or any of the following acts shall
constitute discrimination against persons seeking
employment:

* * * *.

"3. Where any corporation, or receiver of
the same, doing business in this state, or any
agent or employee of such corporation or receiver,
shall have discharged an employee and such employee
demands a statement in writing of the cause of
his discharge, and such corporation, receiver,
agent or employee thereof fails to furnish a
true statement of the same to such discharged
employee, within ten days after such demand, or
where any corporation or receiver of the same,
or any officer or agent of such corporation or
receiver shall fail, within ten days after
written demand for the same, to furnish to any
employee voluntarily leaving the service of
such corporation or receiver, a statement in
writing that such employee did leave such service

Honorable John D. Reed, Page 3

voluntarily, or where any corporation or
receiver of the same, doing business within this
state, shall fail to show in any statement under
the provision of this title the number of years
and months during which such employee was in
the service of the said corporation or receiver
in each and every separate capacity or position
in which he was employed, and whether his
services were satisfactory in each such capacity
or not, or where any such corporation or
receiver shall fail within ten days after written
demand for the same to furnish to any such
employee a true copy of the statement
originally given to such employee for his use
in case he shall have lost or is otherwise
deprived of the use of said original
statement."

The law known as the statute against Blacklisting
was originally passed in 1907 by the Thirtieth Legislature.
(Acts 1907, Thirtieth Leg., Page 142, Chapter 67).

In 1909 the Thirty-first Legislature amended
Section 1 of the above Act of the Thirtieth Legislature, and
said Act as amended is identical in language with Article 5196,
supra, which was enacted by the Forty-first Legislature in
1929.  (Acts 1909, Thirty-first Leg., Page 160, Chapter 89;
Acts 1929, Forty-first Leg., Page 509, Chapter 245, Sec. 1).

The reason for the reenactment of the blacklisting
statute in 1929 by the Forty-first Legislature, as stated in
the emergency clause, was because the "codifiers of the
Revised Civil Statutes of Texas, of 1925, omitted from the
definition of discrimination many of the material provisions
of the former law on the subject as set out in Article 594
of the Revised Civil Statutes of 1911, * * *."

In 1914 the Supreme Court of Texas, in the case of
St. Louis Southwestern Ry. Co. vs. Griffin, 171 S.W. 703,
held Section 3 of Article 594 of the Revised Civil Statutes
of 1911 (which is identical in language with Section 3 of
Article 5196, Vernon's Civil Statutes) unconstitutional.

Obviously, the reason that the codifiers of the
Revised Civil Statutes of Texas, of 1925, omitted said Article
594 from the 1925 codification was due to the fact that
this Article had been declared unconstitutional by the

Honorable John D. Reed, Page 4

Supreme Court in the case of St. Louis Southwestern Ry. Co. vs. Griffin, supra.

It is our opinion that the decision of the Supreme Court in the above cited case is controlling and decides the question presented in your inquiry; therefore, it is the opinion of this department that Section 3 of Article 5196, Vernon's Civil Statutes is unconstitutional, and that a corporation is not required to give a discharged employee a statement in writing of the cause of his discharge.

Trusting that the above satisfactorily disposes of your inquiry, we remain

APPROVED JUL 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

D. Burle Daviss
Assistant

DBD:eaw

